**STATE of Missouri, Respondent,**

v.

**Russell E. Vander MARTIN, Appellant.**

**No. ED 83163.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 11, 2005.

Kent Denzel, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Jefferson City, MO, for respondent.

Before GARY M. GAERTNER, SR., P.J., SHERRI B. SULLIVAN, J., BOOKER T. SHAW, J.

### ORDER

PER CURIAM.

Russell E. Vander Martin ("Defendant") appeals from the trial court's judgment entered upon his conviction by a jury of possession of a controlled substance pursuant to Section 195.202, RSMo 2000, and possession of drug paraphernalia with intent to distribute pursuant to Section 195.235, RSMo 2000. After a jury trial, Defendant, a persistent drug offender, was sentenced to twelve years imprisonment for possessing a controlled substance and four years imprisonment for possessing drug paraphernalia with intent to distribute, to be served concurrently.

Defendant raises three points on appeal. First, Defendant claims the trial court clearly erred in overruling his motion to suppress because he claims the arresting officer unreasonably prolonged the traffic stop beyond the time necessary to complete its lawful purpose. Second, Defendant claims the trial court erred in overruling his motion for judgment of acquittal at the close of the State's evidence because there was insufficient evidence to convict him of possession of drug paraphernalia with intent to distribute. Finally, Defendant claims the trial court abused its discretion in allowing the arresting officer to testify regarding whether the amount of paraphernalia recovered was intended for distribution, as opposed to personal use.

We have reviewed the briefs of the parties, the legal file, and the transcript and no error of law appears and there was sufficient evidence to support the trial court's judgment. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993). An opinion reciting the detailed facts and restating the principles of law would have no precedential value. The judgment is affirmed pursuant to Rule 30.25(b).